a jury was sharply conflicting, and much depended on the manner in which the witnesses testified, their appearance on the stand, and such kindred matters as the trial court was in best position to observe but which could not be shown by the record, *held* that it would not be reasonable for the court of review to say the trial judge was not warranted in his finding.

2. EVIDENCE, § 73*—*what is not proper rebuttal testimony.* Certain photographs offered by defendant as demonstrating and illustrating certain claimed defects in plaintiff's work were properly excluded in rebuttal to plaintiff's rebuttal which had brought no new matter into the case but had merely denied the existence of each and every defect testified to by defendant and defendant's witnesses, in an action to recover for services rendered and materials furnished.

---

**Victor P. Frank, Administrator, Appellee, v. Garrett W. Woodward and Fred Miller Brewing Company, on appeal of Fred Miller Brewing Company, Appellant.**

**Gen. No. 23,256.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918.

## Statement of the Case.

Action in replevin by Victor P. Frank, administrator of the estate of Julius Frank, deceased, plaintiff, against Garrett W. Woodward and Fred Miller Brewing Company, a corporation, defendants, to recover certain saloon fixtures. From a judgment finding the right of property in the plaintiff, the de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant corporation, the other defendant having been defaulted before trial, appeals.

The plaintiff's decedent and his brother, whom he bought out after this controversy arose, owned a certain saloon and the premises on which they conducted it. They entered into contracts with defendant Woodward, one a bill of sale for the stock and business, expressly excepting the saloon fixtures, the other an agreement to lease the premises, containing a provision giving the defendant Woodward an option at the termination of the lease, which was for a term of 10 years, upon payment of $100 to the lessors, to purchase all of the personal property then on the premises belonging to the lessors "should the said party of the second part elect to purchase said property upon said terms during the period between the second and fifteenth days of April, A. D. 1923, but time, however, is the essence of this option to purchase," if all the terms, conditions and covenants mentioned in the lease shall be kept and performed by the party of the second part, and all moneys provided to be paid are promptly paid as rental, and all taxes, charges, licenses, etc. Woodward, 6 months after execution of the lease, assigned same to one Thie, who complied with the lease for 2 years, when a bankruptcy petition was filed against him upon his default in the rent, and the trustee in bankruptcy sold all of Thie's interest except as to the fixtures. Woodward executed a chattel mortgage to the defendant corporation to secure certain notes to it, and the corporation at the time of the filing of the bankruptcy petition paid plaintiff a month's rent, and on the day of the trustee's sale posted notice of a sale under its mortgage. On the same day the decedent purchased of the trustee the trustee's interest in the fixtures, and a representative of decedent at that time refused a demand made upon him by one of the corporation's attorney's for the fixtures,

tendering $100 twice, once either before or after this action was brought. At the time of service of writ the fixtures were in possession of the custodian under the foreclosure proceedings of the corporation.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and RUPERT D. DONOVAN, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee; VICTOR P. FRANK, of counsel.

, MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT—*when right to purchase fixtures under option in lease lost.* Where a lease gave to the lessee an option at the termination of the lease and after a certain specified date to purchase certain fixtures, provided he should perform and keep all terms and conditions of the lease, *held* that upon default of the lessee or his assignee under the lease neither the lessee .nor his assignee nor his mortgagee would be entitled to exercise such option, irrespective of the date after which the option might be exercised, the lease specifying that time was the essence of the contract.

2. REPLEVIN, § 41*—*when formal demand unnecessary.* Where defendant was in possession as mortgagee under a foreclosure of certain fixtures which it had no right to include in its foreclosure, no formal demand was necessary for return of the fixtures before institution of a replevin suit.

3. REPLEVIN, § 41*—*when demand of mortgagee is unnecessary.* Where one purchases or takes a mortgage on personal property in good faith from one who proves not to be the owner, a demand must precede institution of a replevin suit for possession of the property by the owner, but demand is unnecessary where the mortgagor's rights are conditional and the mortgagee or purchaser has notice of the condition.

TAYLOR, P. J., took no part in this decision.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.